UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Dontae Mathis,<br><br>　　　　　　Petitioner<br><br>　v.<br><br>Warden HDSP, *et al.*,<br><br>　　　　　　Respondents | Case No. 2:23-cv-00980-CDS-BNW<br><br>**Order to Show Cause** |

　　　　Dontae Mathis has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1-1. I grant his application to proceed *in forma pauperis*. ECF No. 1. The Clerk of Court will be ordered to docket the petition. Having screened the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, I conclude that the petition contains factual allegations that demonstrate the possibility of constitutional error and, therefore, will direct the Clerk to serve it on respondents. For reasons discussed below, however, respondents will not be required to respond to the petition pending a determination whether Mathis can show cause why the petition should not be dismissed as unexhausted and premature.

　　　　With his petition, Mathis is challenging a judgment of conviction entered in the Eighth Judicial District Court (Clark County) for Nevada adjudicating him guilty, pursuant to a guilty plea agreement, of ownership or possession of firearm by prohibited person. ECF No. 1-2 at 2. It is unclear whether Mathis filed a direct appeal.[1] Mathis indicates in his petition that he filed a petition for post-conviction relief in the Eighth Judicial District Court. *Id*. It appears that the state district court dismissed the petition, and Mathis filed a timely appeal.[2] The Nevada Supreme Court's online docket reflects that appellate briefing was recently completed and that

---

[1] Mathis states in his petition that his direct appeal was decided on January 23, 2023. ECF No. 1-2 at 1. But I take judicial notice of the online docket of the Nevada appellate courts, which does not show that Mathis pursued a direct appeal.
[2] Case No. 86513.

1

the appeal is currently pending before that court.[3]

I am not permitted to adjudicate a federal habeas petition containing unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005). Some of the grounds for relief in Mathis's petition are based on allegations of ineffective assistance of counsel. In Nevada, such claims must be raised in a post-conviction habeas corpus petition and are not cognizable on direct appeal. *See Pellegrini v. State*, 34 P.3d 519, 534 (Nev. 2001). Thus, some of Mathis's claims remain unexhausted.

In all likelihood, Mathis has filed his federal petition out of concern about the time limitation imposed by 28 U.S.C. § 2244(d)(1)(A). Under that provision, a state prisoner must file a federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Mathis maintains that his conviction was affirmed on direct appeal on January 23, 2023. But "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2).

The period of "direct review" after which the state conviction becomes final under § 2244(d)(1)(A) includes the 90-day period to file a petition for a writ of certiorari in the United States Supreme Court, irrespective of whether the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (holding that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied)." So if Mathis' direct appeal was decided on January 23, 2023, the one-year period for Mathis to file his federal petition began 90 days later – i.e., on April 23, 2023.

---

[3] *Id.*

If a state post-conviction petition is not timely under state law it is not "properly filed" for the purposes of § 2244(d)(2) and, therefore will not toll the federal one-year filing period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Also, "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" and ask for a stay under *Rhines*.[4] *Id.* at 216. That does not appear to be a concern here. If Mathis filed his state post-conviction petition on May 5, 2023, as reflected by the Nevada Supreme Court's online docket, it was "properly filed" under § 2244(d)(2). *See* Nev. Rev. Stat. § 34.726 (requiring a petition challenging the validity of a judgment or sentence to be filed within one year of the issuance of the appellate court's remittitur).

Based on the foregoing, Mathis has approximately 353 days of his one-year federal filing period remaining. In addition, the statute of limitations will not begin to run again until his current state post-conviction proceeding concludes when the Nevada Supreme Court issues its remittitur. *See Orpiada v. McDaniel*, 750 F.3d 1086, 1088 n. 1 (9th Cir. 2014). I am not inclined to have this case sit on my docket indefinitely if Mathis is not in danger of missing his § 2244(d)(1) deadline. For one, he may obtain the relief he seeks in state court, which would make his federal petition moot.

On the other hand, Mathis may have legitimate timeliness concerns that have not been presented to the court. Thus, I will give Mathis an opportunity to show cause why this case should not be dismissed as unexhausted and premature. Mathis can accomplish this by demonstrating that, despite the information above, he has valid reasons to be concerned about being able to file a timely federal petition if this case is dismissed without prejudice.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* **(ECF No. 1) is granted.**

It is further ordered that the Clerk of Court is directed to **file** and **electronically serve** the petition (ECF No. 1-2) on the respondents; and to **add** Aaron D. Ford, Nevada Attorney General, as counsel for respondents. Pending further orders, respondents are not required to formally

---

[4] *Rhines* provides the standards under which a federal court may exercise its discretion to stay, rather than dismiss, an unexhausted habeas petition. 544 U.S. 269.

3

appear in this case or respond to the petition.

It is further ordered that the Clerk of Court **provide** respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that Mathis has **30 days** from the date that this order is entered to show cause why his petition should not be dismissed without prejudice as unexhausted and premature. Failure to respond within the time allowed or show good cause for an extension will result in dismissal without further notice.

It is further ordered that all assertions of fact made by Mathis in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. Mathis should attach copies of all materials upon which he bases his argument that his petition should not be dismissed as unexhausted and premature.

DATED: July 26, 2023

_____
UNITED STATES DISTRICT JUDGE